**IN THE COURT OF APPEALS OF IOWA**

No. 17-1731
Filed January 10, 2018

**IN THE INTEREST OF L.S.,**
**Minor Child,**

**D.S., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Scott D. Strait, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee State.

Marti D. Nerenstone, Council Bluffs, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his child, born in 2015. He (1) challenges the grounds for termination, (2) argues the State failed to make reasonable reunification efforts, and (3) contends termination was not in the child's best interests. We will address all three contentions together.

The district court terminated the father's parental rights pursuant to several statutory grounds. We may affirm if we find clear and convincing evidence to support any of the grounds. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We focus on Iowa Code section 232.116(1)(h) (2016), which requires proof of several elements, including proof the child cannot be returned to the parent's custody.

When the child was five months old, she sustained a fractured skull and subdural hematoma at the hands of her mother's live-in boyfriend. The department of human services intervened.

At the time of the assault, the child's father was at the Iowa Medical and Classification Center awaiting imprisonment on a sentence for willful injury. He was subsequently incarcerated and remained in prison until February 2017.

Meanwhile, the child was adjudicated in need of assistance and received extensive services. Initially, she remained with her mother, but she was later transferred to the care of her maternal grandmother and the grandmother's husband.

On his release, the child's father met with the department and was advised to participate in drug testing and other reunification services. He attended the permanency hearing in April 2017, and, according to the department's case

manager, apologized "for not being able to do the things that he needed to do." He had no contact with the department in the ensuing five months.

We conclude the department made reasonable efforts to reunify father with child, but the father failed to cooperate. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) (observing reasonable efforts is part of ultimate proof). We further conclude the child could not be returned to the father's custody. *See* Iowa Code § 232.116(1)(h)(4). Finally, because the father did not know the child, made no effort to get to know the child, and did not take steps to ensure he would be a safe caretaker of the child, we conclude termination was in the child's best interests. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

We affirm the termination of the father's parental rights.

**AFFIRMED.**